AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| Sara Caruso <br> *Plaintiff* <br> v. <br> Delta Air Lines, Inc. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 20-10180-NMG <br> ) <br> ) |

**CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT**

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* _07/14/2022_.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: 11/25/2024

**ROBERT M. FARRELL**

*CLERK OF COURT*

*Jaylannie Kinsella*
Signature of Clerk or Deputy Clerk



United States District Court
District of Massachusetts

Sara Caruso,

    Plaintiff,

v.

Delta Air Lines, Inc.,

    Defendant.

Civil Action No.
20-10180-NMG

I hereby certify on 11/25/24 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on 07/14/22
☐ original filed in my office on ___
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: Jaylannie Kinsella
Deputy Clerk

MEMORANDUM & ORDER

GORTON, J.

This case arises out of claims brought by Sara Caruso ("Caruso" or "plaintiff") that her employer, Delta Air Lines ("Delta" or "defendant"), violated both state and federal law by: (1) discriminating against her based on sex and disability stemming from an alleged sexual assault, (2) retaliating against her, (3) interfering with her rights, and (4) aiding and abetting the alleged assailant. This Court allowed summary judgment in favor of Delta on all claims in March, 2022 and Caruso subsequently appealed the decision to the First Circuit Court of Appeals. That appeal remains pending. Before this Court, however, is Caruso's motion for the disallowance of certain costs identified in defendant's bill of costs.

- 1 -

I.  **Motion for Disallowance of Costs**

Delta filed a Bill of Costs in April, 2022 seeking $24,639.86 from Caruso pursuant to Fed. R. Civ. Proc. 54(d)(1) and 28 U.S.C. § 1920. That bill, according to Delta, consists of $488 in clerk fees, $2,665 in fees for service of summons and subpoenas, and $21,487 in fees associated with printed or electronically recorded transcripts necessarily obtained for use in the litigation.

Caruso has challenged the ability of Delta to recover some of those costs, specifically the costs for: (1) deposition transcripts that were not put into evidence, (2) the videorecording of depositions, (3) private process services and (4) the transcript of the hearing on Delta's motions to compel. Caruso's motion is untimely because it was filed a few days after the expiration of the time allowed to submit an opposition to a bill of costs.[1] Nevertheless, Caruso's arguments are well-

---

[1] In its opposition to the pending motion, Delta contends that the motion was untimely because Caruso filed it 15 days after Delta filed its bill of costs and the time allowed, pursuant to Local Rule 7.1(b)(2), is 14 days. However, as set forth in the local rules and procedures, a motion for disallowance must be made within 10, rather than 14, days after a bill of costs is filed with the Court. See Taxation of Costs, (available at https://www.mad.uscourts.gov/resources/pdf/taxation.pdf). The pending motion is thus even more untimely than Delta argued. The irony is, however, that according to those local rules, which Delta cites for other purposes, any opposition to a motion for disallowance of costs is due five days after of the original

taken and her marginal untimeliness will be excused under the circumstances.

### A. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that:

> [u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.

Fed. R. Civ. P. 54(d)(1). That rule creates a "background presumption favoring cost recovery for prevailing parties." B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008). The presumption is subject, however, to "the broad discretion" of the district court. Trustees of Bos. Univ. v. Everlight Elecs. Co., 392 F. Supp. 3d 120, 134 (D. Mass. 2019), aff'd, 838 F. App'x 565 (Fed. Cir. 2021) (citation omitted).

Recovery pursuant to Rule 54(d)(1) is governed by 28 U.S.C. § 1920. Section 1920 identifies specific expenditures that may be included in the calculation of the recoverable costs. Those include, inter alia:

> (1) fees of the clerk and marshal [and]
>
> (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]

---

filing. Id. Delta filed its opposition almost two weeks after Caruso filed her motion for disallowance and, therefore, the filings of both parties were late.

- 3 -

28 U.S.C. § 1920. Courts may not award costs for expenditures beyond those specifically enumerated in Section 1920. See Greater New York Mut. Ins. Co. v. Lavelle Indus., Inc., No. 13-cv-10164-MBB, 2017 WL 1496914, at *1 (D. Mass. Apr. 25, 2017); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987).

   B.  Application

       1.  Deposition Transcripts

The first set of costs challenged by Caruso is that which was accrued in the production of deposition transcripts, specifically the 10 depositions of Delta's employees and the seven depositions that were not referred to in its motion for summary judgment. There is a distinction to be noted.

Concerning the costs associated with the depositions of Delta employees, Caruso has the stronger argument.

> Courts in this district generally have held that parties cannot recover the costs of their own deposition transcripts. The theory behind this prohibition is that such a transcript is only for the convenience of counsel or discovery purposes

Palomar Techs., Inc. v. MRSI Sys., LLC, No. CV 18-10236-FDS, 2020 WL 4938414, at *5 (D. Mass. Aug. 12, 2020), appeal withdrawn, No. 2020-1913, 2020 WL 7382538 (Fed. Cir. Dec. 15, 2020) (quoting, in part, Trustees of Bos. Univ., 392 F. Supp. 3d at 136). Defendant rebuts that reasoning

- 4 -

with the contention that the depositions were necessary because most of the deposed Delta employees are residents of Georgia and thus beyond this Court's subpoena power. That argument is unconvincing because current Delta employees are necessarily responsive to the directions of their employer. The Court will therefore deny Delta the costs associated with the deposition transcripts of its employees, specifically Amy Broach, Emma Brown, James Lucas, Victoria Mercer, Barry Coburn, Bryan Dickerson, Amanda Evanson, Lisa Stephan, Larry Sharp and Nicole Warner.

There were five remaining witnesses: Christine Caruso, Charles Caruso, John McNair, John Murray and Sara Caruso. Of those, the first three were irrelevant to Delta's motion for summary judgment. As a result, the costs associated with those transcripts are not recoverable. See Haemonetics Corp. v. Fenwal, Inc., 863 F. Supp. 2d 110, 117 (D. Mass. 2012), and cases cited.

That leaves the costs arising from the depositions of Ms. Sara Caruso and Mr. Murray.

> Upon showing that a deposition was necessary, a prevailing party is only entitled to recover the cost of one original copy and one certified copy of that transcript.

- 5 -

Palomar Techs., Inc., at *4 (citing Brigham and Women's Hospital, Inc. v. Perrigo Co., 395 F. Supp. 3d 168, 173 (D. Mass. 2019) ("For each recoverable deposition transcript, defendants shall recover the actual transcript cost and, if applicable, the reporter attendance fee."). Examining the relevant invoices, such costs are limited to $554 for the deposition of Murray and $2,292 for the deposition of Sara Caruso. Delta is entitled to recover those costs.

Delta will accordingly be awarded recoverable costs of $2,847 for the deposition transcripts.

### 2. Deposition Videos

The second set of costs that Caruso disputes is that which Delta accrued by obtaining video deposition transcripts of Mr. Lucas, Mr. McNair and Ms. Sara Caruso. For the reasons discussed supra, the costs associated with the deposition of Mr. Lucas are not recoverable. With respect to the other two, however, Delta argues that the videos were necessarily obtained for impeachment purposes. Because Delta has offered at least some explanation for the necessity of the videotaped depositions, see McIntyre v. Rentgrow, Inc., No. 18-CV-12141-ADB, 2021 WL 4776643, at *2 (D. Mass. Oct. 13, 2021), and cases cited, the Court will allow Delta to recover those costs in the amount of $2,111.

### 3. Private Process Servers

Caruso also objects to the expenditures Delta seeks to recover associated with private process servers. Section 1920 expressly allows the prevailing party to recoup the fees of the marshal. 28 U.S.C. § 1920(1). Parties are permitted to use private process servers in lieu of the marshal but recovery is limited to the equivalent of the marshal's fee. Palomar Techs., Inc., at *3. At present, the cost of service of process by marshal is set at

> $65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses.

28 C.F.R. § 0.114. As is the custom, this Court will assume that each service of process—21 in all—for which Delta seeks recovery would have taken one hour. Palomar Techs., Inc., at *3. As such, Delta may recover a total of $1,365. To award the additional fees accrued from using private process servers, to whom Delta paid extra for expedited service in nearly all instances, would be excessive. Keurig, Inc. v. JBR, Inc., 2014 WL 2155083, *2 (D. Mass. May 21, 2014).

- 7 -

### 4. Hearing Transcript

Finally, Caruso asserts that the costs to produce a transcript from the hearing on Delta's motion to compel (Docket No. 48) is recoverable.

> In the analogous context of deposition transcripts, the First Circuit has held that deposition transcripts are taxable if they are introduced as evidence, used at trial, or where special circumstances warrant it.

Palomar Techs., Inc., at *3 (quoting 600 LB Gorillas, Inc. v. Fieldbrook Foods Corp., 2018 WL 6332494, at *4 (D. Mass. Dec. 4, 2018)). Delta argues that the transcript was necessarily obtained because Caruso initially withheld relevant documents and it was thus necessary for Delta to retake her deposition on a limited basis. Based upon that explanation, the Court will allow Delta to recover the cost of $93 for that transcript. Due to the temporal proximity between the hearing on that motion to compel and the deadline for motions on summary judgment, the additional fees accrued by Delta to expedite the production of the transcript are recoverable.

## ORDER

For the foregoing reasons, the motion of plaintiff for the disallowance of defendant's bill of costs (Docket No. 119) is **ALLOWED**, in part, and **DENIED**, in part.  Delta's bill of costs (Docket No. 118) is **ALLOWED** in the amount of $6,416 and is otherwise **DENIED**.

So ordered.

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 14, 2022